IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Timothy A. Jackson, | ) Civil Action No.: 8:10-1403-JMC-BHH |
|---|---|
| Plaintiff, | ) |
| vs. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Fuji Photo Film, Inc., FUJIFILM Manufacturing USA, Inc., | ) |
| Defendants. | ) |

This matter is before the Court on the defendant's motion to dismiss [Doc. 9] pursuant to pursuant to Federal Rule of Civil Procedure 12(b)(6), as well as the plaintiff's response in opposition [Doc. 12] and the defendant's reply [Doc. 14]. The plaintiff, who is proceeding *pro se*, has pled claims for a failure to accommodate and for retaliation pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq*.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Rule 73.02(B)(2)(g), D.S.C., all pretrial matters in employment discrimination cases are referred to a United States Magistrate Judge for consideration.

## APPLICABLE LAW

**LIBERAL CONSTRUCTION OF *PRO SE* COMPLAINT**

The plaintiff brought this action *pro se*. This fact requires that his pleadings be accorded liberal construction. *Estelle v. Gamble*, 429 U.S.97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir.1978); *Gordon v. Leeke*, 574 F.2d 1147 (4th 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). Even under this less stringent standard, however, the *pro se* Complaint is still subject to summary dismissal. The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir.1999). A court may not construct the plaintiff's legal arguments for him. *Small v. Endicott,* 998 F.2d 411 (7th Cir.1993). Nor should a court

"conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir.1985).

**MOTION TO DISMISS STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support its claim and would entitle it to relief. In considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993) (citations omitted).

## DISCUSSION

The defendant contends that the plaintiff's Complaint must be dismissed because it arises out of the same core of operative facts which were predicate to a previously filed lawsuit by the plaintiff. *See Jackson v. FUJIFILM Manufacturing USA, Inc.*, CA No. 8:09-1328-RBH-BHH ("First Action"). The Court entered a report and recommendation dismissing all claims in that case. *Id*. at Doc. 93. The defendant urges the Court to see this present lawsuit as a continuation of the first and to reject such piecemeal litigation. The necessary implication is that the First Action has preclusive effect over the second. The Report and Recommendation, however, has not been finally considered by the district court and, therefore, no final judgment has been entered in the First Action. *See id.*

The Court has given this whole matter significantly more consideration than the brevity of this Report and Recommendation would imply and has even delayed some in hopes of further and relevant developments. Frankly speaking, the Court believes that the resolution of this present case is fairly straight-forward but for the pendency of the Report and Recommendation in the First Action. The prudent course seems to be the one offered by the defendant, albeit its third alternative choice, to stay the entire matter until the district court has opportunity to make its ruling concerning the First Action. As the defendant concedes, *res judicata* is without force where there has been no final judgment in the prior

suit. *See Young-Henderson v. Spartanburg Area Mental Health Ctr.*, 945 F.2d 770, 773 (4th Cir. 1991).

As to the merits of the effectiveness of the plaintiff's pleading, the Court would not resolve it. First, the Court is not particularly inclined to view the Complaint as insufficient. More importantly, the matter need not be reached potentially, depending on the outcome of the First Action, and the Court believes that it is a more procedurally appropriate outcome, in posture and restraint, to resolve it on preclusive grounds if, in fact, that proves the proper view of it.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, the Court recommends that the defendant's motion to dismiss [Doc. 9] be GRANTED in part and the entire matter stayed pending the district court's treatment of the undersigned's recommendation, in *Jackson v. FUJIFILM Manufacturing USA, Inc.*, CA No. 8:09-1328-RBH-BHH. The defendant has leave to renew its motion to dismiss on all or some of the grounds already advanced at such time.

IT IS SO RECOMMENDED.

s/Bruce H. Hendricks
United States Magistrate Judge

November 15, 2010
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page**